### MANN v. MOIR HOTEL CO.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1919.)

#### No. 2683.

PATENTS ⬥328—IMPROVEMENT IN WATER-CLOSET NOT INFRINGED.

  The Mann patent, No. 1,128,799, for improvement in water-closets, *held* of narrow scope and not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by Marion P. Mann, executrix, against the Moir Hotel Company. Decree for defendant, and complainant appeals. Affirmed.

This appeal is from a decree dismissing appellant's bill which charged infringement of United States patent to Mann, No. 1,128,799, February 16, 1915, for improvement in water-closets. The improvement relates to that class known as wall closets or bowls, which are supported on or back of the closet partition, and not upon the floor itself, leaving the floor beneath the bowl entirely clear. Of the ten claims of the patent infringement is charged as to the following two:

"6. In combination, a wall bowl provided with a bearing shelf adapted to engage a partition and extending above the body portion of the bowl, a piping system back of the partition, and connecting means extending through the shelf and connected to the piping, for partially supporting the bowl; the outer ends of the said connecting means at the front of the shelf being formed so as to act as hinge supports."

"9. In combination, a wall bowl structure adapted to engage a partition, rigid supporting means back of the face of the partition, connecting means extending through the partition and a portion of the wall bowl structure and secured at their inner ends to the said supporting means; the outer ends of the said connecting means being provided with means for holding the bowl against movement away from the partition, and being formed so as to act as hinge supports."

The defenses are noninfringement, noninvention, and aggregation.

Paul Synnestvedt, of Philadelphia, Pa., for appellant.

Wallace R. Lane and Clarence J. Loftus, both of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). Wall bowls are admittedly old in the art. In most of them the main support for the bowl is afforded by some form of connection between the bowl and the perpendicular soil pipe or stack back of the partition. The asserted novelty of the Mann patent is a shelflike upward projection of the wall side of the bowl structure, through which the con-

necting bolts engage the bowl at a point higher than was customary, thereby giving to the bowl the added holding strength which comes from this higher connection, and the further feature of the seat and cover hinges attached to the outer end of the horizontal connecting bolts, to enable the bowl cover and seat to be hinged to such bolts, and not to upright bolts or posts projecting vertically through the upper surface of the bowl.

Whether or not this upper extending shelf of the bowl structure involves invention, or whether the attaching of the seat and cover hinges to the ends of the connecting bolts is any more than a mere aggregation of parts without producing a new result, are questions which, in view of the conclusion we have reached respecting the issue of infringement, it will be unnecessary to consider.

A structure which would respond to these claims would include as an integral part the partition wall itself. Claim 6 calls for "a wall bowl provided with a bearing shelf adapted to engage a partition." Claim 9 has similar language, and refers to connecting means for holding the bowl against movement away from the partition. The patent structure disclosed appears not only to regard the partition wall as an integral part, but it makes provision for reinforcement of this wall by clamping immediately back of it a large metal plate, between which and the bowl the partition wall is firmly held; the plate in turn being securely bolted to the soil pipe, which is back of it. In the alleged infringing structure, however, the partition wall back of the bowl is entirely absent. The bowl is bolted to a sort of spider or tripod, which in turn is firmly attached to the soil pipe, without engagement whatsoever with the partition itself, which, of course, is set near enough to the bowl, so that any opening between them may be closed by cement or plaster, but with no relation whatever to any support to the bowl, either at its upper or lower part. Appellant and some of his witnesses testified at first that appellee's partition wall was likewise held in engagement, and to the necessity of such construction to enable the wall to receive the thrust of the lower part of the bowl when weight was placed on the bowl; but it transpired that in this respect they were in error, and admittedly in appellant's construction the partition wall back of the bowl was wholly cut away, in which respect a material element of the claims is wanting in the alleged infringing structure.

In view of the very narrow scope, at best, of the Mann patent, and its necessary limitation to what it shows, the entire absence of partition wall as an integral part of appellee's construction avoids infringement and justifies the decree, which is accordingly affirmed.